Ronald H. STORCK, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 78926.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 2001.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, John W. Spencer, Assistant Attorney General, St. Louis, MO, for Appellant.

Charles E. Lampin, Michael J. Fagras, Lampin, Kell, Flach & Fagras, St. Charles, MO, for Respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, Director of Revenue, ("director"), appeals from the judgment of the Circuit Court of St. Louis County reinstating the driving privileges of respondent, Ronald H. Storck, ("driver"), after director revoked them pursuant to section 577.041, RSMo Cum.Supp.1999.[1] We affirm.

On October 5, 1999 an officer of the St. Louis County Sheriff's Department signed an affidavit alleging that driver refused to take a chemical test and pursuant to section 577.041, driver received notice of the loss of his driving privileges. Driver's loss of driving privileges was to become effective on October 19, 1999, and was to last for a period of one year. Driver denies the allegation contained in the affidavit, which was forwarded to the director. The suspension of driver's driving privileges was stayed and the case was heard in St. Louis County Circuit Court on November 3, 2000.

At trial, driver was the only witness to testify. However, director offered into evidence Exhibit 1, which contained the original stay order filed in the case, a copy of the petition for review, driver's Missouri driving record, a copy of the fifteen-day driving permit issued to driver, and a copy

---

1. All statutory references to RSMo Cum.Supp. 1999, unless otherwise noted.

of the alcohol influence report. The following evidence was adduced at trial.

On October 5, 1999, at 4:15 p.m., St. Louis County Police Officer Leonard Sanders ("officer") was dispatched to an automobile accident that occurred at Bennington Place and Fee Fee Road. Upon arrival, officer interviewed Gregory Cummins who stated his vehicle was struck from behind by a brown Honda Civic that belonged to driver. While investigating the accident, officer's report indicated driver was unsteady in his walk and his speech was slurred.

Officer asked driver if he had been drinking alcohol, to which driver denied. According to driver, officer told him that he smelled alcohol on driver's breath. However, officer did not indicate in his report that driver's breath smelled of alcohol. Officer asked driver to submit to several standardized field sobriety tests.

Officer's alcohol influence report denotes that driver failed the walk-and-turn test. Also, driver hopped and put his right foot down on the one-leg stand test. On the gaze nystagmus test, driver had no smooth movement with either eye, had distinct nystagmus at maximum deviation with both eyes, and had onset before forty-five degrees with some white showing. Finally, driver stopped for approximately five seconds at the letter "L" when he was asked to recite the alphabet. According to driver these tests were performed "right there in the middle of the intersection" of a thoroughfare noted for heavy traffic. Driver believed, pursuant to the instructions he was given, that he performed the walk-and-turn test satisfactorily. Driver also believed he adequately performed the gaze nystagmus test. Driver did not recall being administered the alphabet test.

Officer's alcohol influence report further noted driver's eyes were glassy and staring and his clothing was mussed and soiled by dirt. Based on officer's observations and driver's performance, officer believed driver was intoxicated. Officer decided to transport driver to St. Louis County Intake in order to perform a chemical breath test.

Driver testified that he explained to officer that he was heading home from his work as a cement truck driver. Driver stated he had been without sleep for two days due to a marital dispute with his wife. Driver further explained his wife had left him and he had been trying to locate her. Officer left the question of when driver last slept blank on the alcohol influence report. Driver testified he was emotionally distraught but had not been drinking at the time of the incident.

Officer administered a breath test that registered zero percent blood alcohol content. According to driver, officer administered a second breath test that again registered zero percent blood alcohol content. Driver testified he took the test "two or three times." There was no indication driver's blood alcohol content ever registered more than zero percent. Driver stated officer never informed him of the implied consent law prior to administering the breath test. However, officer's report states that he read the implied consent law to driver prior to administering the breath test.

At this point, officer requested driver submit to a blood test. Driver testified that officer "thought [driver] was on something and [officer] wanted to take [driver] to the hospital [to draw blood]." Driver stated he became perturbed because the reason officer had him perform the breath tests was because officer said he smelled alcohol on his breath. Driver stated he would agree to submit to a urine test, but would not submit to a blood test. According to driver, he reiterated to officer the

circumstances regarding his sleep deprivation and that he was deathly afraid of needles. Driver testified that after he refused to give blood, officer read him the implied consent law.

Upon driver's refusal to submit to the blood test, driver was issued two traffic tickets for following too close and for operating a motor vehicle in an intoxicated condition.

The trial court found that officer did not have probable cause to arrest driver for driving while intoxicated and that driver did not refuse to submit to a chemical test of his breath but did refuse to submit to a chemical test of his blood. The trial court ordered the revocation of driver's driving privileges to be rescinded. Director appeals.

 On review, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Glastetter v. Director of Revenue*, 37 S.W.3d 405, 407 (Mo.App. E.D.2001). This court views the evidence in the light most favorable to the trial court's judgment and we deem all facts to have been found in accordance with the result reached by the trial court. *Duffy v. Director of Revenue*, 966 S.W.2d 372, 379 (Mo.App. W.D.1998). A trial court is afforded wide discretion even if there is evidence that would support a different result. *Id.* "In a driver's license revocation case, a trial court has the prerogative when weighing witness credibility, to accept or reject all, part, or none of the testimony of any witness." *Id.* (quoting *Hawk v. Director of Revenue*, 943 S.W.2d 18, 20 (Mo.App. S.D.1997)).

Director's sole point on appeal contends the trial court erred in reinstating driver's driving privileges because the judgment was against the weight of the evidence, unsupported by substantial evidence, and misapplied the law. Director argues officer had ample probable cause to arrest driver for driving while intoxicated and driver refused to submit to a blood test for drugs.

 In a refusal case, the trial court shall determine whether the driver was arrested; whether the officer had reasonable grounds to believe that the driver was driving a motor vehicle while in an intoxicated condition; and whether the driver refused to submit to the test. *Pendergrass v. Director of Revenue*, 4 S.W.3d 599, 601 (Mo.App. E.D.1999). Director has the burden of proof and the failure to satisfy this burden will result in the reinstatement of driver's driving privileges.[2] *Wilson v. Director of Revenue*, 35 S.W.3d 923, 926 (Mo.App. W.D.2001). If the trial court finds that one or more of these circumstances did not take place, the trial court is required to order the director to reinstate the driving privileges pursuant to section 577.041.5. *Pendergrass*, 4 S.W.3d at 601. This court gives deference to the trial court's findings unless the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Id.*

██ Reasonable grounds to arrest driver for driving while intoxicated is virtually synonymous with probable cause to arrest driver. *Myers v. Director of Revenue*, 9 S.W.3d 25, 27 (Mo.App. E.D.1999). In determining whether there were reasonable grounds to arrest driver for driving while intoxicated, the trial court must evaluate

**2.** Director's burden in a refusal case under section 577.041 is different from the burden in a hearing under section 302.535 which deals with a suspension or revocation for

driving with an excessive blood alcohol content not for refusal to take a chemical test. *Kinsman v. Director of Revenue,* 58 S.W.3d 27, 31 n. 2 (Mo.App. W.D.2001)

the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Id.*

■■■■ In this case, the trial court found that officer did not have probable cause to arrest driver for driving while intoxicated. Pursuant to section 577.041.5, this single finding, if supported by the evidence, is sufficient to reinstate driver's driving privileges. This court must determine whether the evidence adduced at trial was sufficient for the trial court to determine officer did not have probable cause to arrest driver.

The trial court received into evidence officer's report, which was controverted by the live testimony of driver. Officer's report indicates he arrested driver based upon his observations of driver's appearance and driver's performance on the field sobriety tests. The trial court, after considering the evidence on both sides, was left with a factual determination as to whether there were reasonable grounds for officer to arrest driver. Due to the conflicting nature of the evidence, this court must afford the trial court wide discretion on factual issues and the conclusions that follow.

As to the officer's observations, driver testified that officer stated that he smelled alcohol on driver's breath. Officer's report is void of this assertion. Driver denied that he had been drinking on the date of the accident and officer noted driver's denial in the report. Officer noted that driver's clothing was mussed and dirty. Driver testified he was on his way home from work as a cement truck driver. Officer noted that driver's speech was slurred, his walk was unsteady, and his eyes were glassy and staring. Driver testified that he told officer of his marital dispute and the sleep deprivation which resulted. Officer did not note driver's explanations in his report.

As to driver's performance on the field sobriety tests, driver testified that he believed he performed the walk-and-turn test satisfactorily. Driver also believed he performed the gaze nystagmus test adequately. Driver did not recall being administered the alphabet test. Furthermore, driver testified he was made to perform these tests in the intersection of a busy thoroughfare. Officer checked the boxes in his report regarding these tests and noted that based on driver's performance, he believed driver to be intoxicated.

Director cites to several cases to support the argument that in this case there was sufficient evidence that officer had reasonable grounds to believe driver was operating a motor vehicle in an intoxicated condition. *See Peters v. Director of Revenue*, 35 S.W.3d 891 (Mo.App. S.D.2001); *Hawkins v. Director of Revenue*, 7 S.W.3d 549 (Mo. App. E.D.1999); *Chancellor v. Lohman*, 984 S.W.2d 857 (Mo.App. W.D.1998); *Duffy*, 966 S.W.2d at 372. However, the cases cited by director are distinguishable because in this case there was no admission by driver that he had been drinking, there was no alcohol or alcohol containers found at the scene, and no indication in the alcohol influence report that driver smelled of alcohol. In fact, the only mention of driver smelling of alcohol came when driver testified as to officer's comment regarding driver smelling of alcohol; however, officer noted nothing in his report and the trial court is in the better position to judge the credibility of the testimony.

In determining whether there were reasonable grounds to arrest driver the trial court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. This was a determination that was made by the trial court in light of the testimony and evidence presented. The trial court's

judgment is affirmed because there is substantial evidence to support it, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. Since the trial court's finding as to officer's lack of probable cause to arrest driver was sufficient to support the reinstatement of driver's driving privileges, we need not address whether the further findings of the trial court were proper.

Based on the foregoing, we affirm the decision of the trial court.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.