Aaron G. ROUTT, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 86176.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 3, 2006.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for appellant.

Robert S. Adler, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue, State of Missouri ("Director") appeals the judgment of the circuit court reinstating the driving privileges of Aaron G. Routt ("Routt").

Director argues that the court erred in reinstating Routt's driving privileges because there was sufficient evidence to establish that the arresting officer had reasonable grounds to believe Routt was driving while intoxicated. We reverse and remand.

Routt's license was revoked pursuant to section 577.041 RSMo (Cum Supp.2003) for refusal to submit to a breath test. Routt filed a petition for review of the revocation. A commissioner entered findings and recommendations, finding that the arresting officer did not have probable cause to arrest Routt. The commissioner noted that there was insufficient evidence of "driving or operating" by Routt. The court adopted the findings and recommendations of the commissioner, and entered a judgment reinstating Routt's driving privileges. Director now appeals.

■ The judgment of the trial court will be affirmed unless it is against the weight of the evidence, it is not supported by the evidence, or it erroneously declares or applies the law. *Saladino v. Director of Revenue*, 88 S.W.3d 64, 68 (Mo.App.2002) (citations omitted).

In its sole point on appeal, Director argues that the arresting officer had reasonable grounds to believe Routt was driving while intoxicated, and the court's judgment finding otherwise was against the weight of the evidence.

■ A trial court reviewing the revocation of a driver's license pursuant to section 577.041 must determine whether the individual was arrested, whether the officer had reasonable grounds to believe the individual was driving while intoxicated, and whether the individual refused to submit to a breath test. *Saladino*, 88 S.W.3d at 68. Reasonable grounds and probable cause are essentially synonymous terms. *Id.* at 70. (citation omitted). Prob-

able cause exists when an arresting officer " 'possesses facts which would justify a person of reasonable caution to believe that an offense has been or is being committed and that the individual to be arrested committed it.' " *Id.*; (quoting *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.1992) (internal citations omitted)). The determination of whether probable cause existed is made from the point of view of a prudent, cautious and trained officer at the time of arrest. *Id.*

In the present case, no transcript was made, and therefore, as Director notes, it appears as though the matter was submitted for review upon the Department of Revenue records submitted as an exhibit to Director's answer to the petition for review. These records included the alcohol influence report, and the arresting officer's narrative report, among other documents. The first page of the officer's narrative report was not included in the exhibit to Director's answer; however, regardless of this omission, there was sufficient competent evidence to support a finding that the officer had reasonable grounds to believe Routt was driving while intoxicated.

■ Based upon these documents, there was sufficient evidence to show that Routt was arrested. There was also sufficient evidence to support reasonable grounds for the officer to believe Routt was intoxicated. The alcohol influence report indicated that the odor of alcoholic beverage on Routt's breath was strong. It also reflects the officer's observation that Routt had watery, bloodshot, and glassy eyes. Routt's balance, walking, and turning were noted as "swaying," and the officer noted that Routt's speech was slurred. In the narrative report, the officer stated that Routt swayed when he left the side of the vehicle and swayed when he turned to face the officer. The officer also recorded his

observation of slurred speech and the strong odor of intoxicating beverage coming from Routt in the narrative report. "Similar facts in other cases have been found to provide an officer with reasonable grounds for believing that an individual had been driving while intoxicated." *Norris v. Director of Revenue*, 156 S.W.3d 786, 788 (Mo.App.2005); (citing *See Rain v. Dir. of Revenue*, 46 S.W.3d 584, 588–89 (Mo.App.2001) (finding that driver's glassy and bloodshot eyes, unsteadiness on his feet, slurred speech, and difficulty concentrating were sufficient indicia of intoxication to provide reasonable grounds for the officer to believe that the driver was driving while intoxicated).). There was also sufficient evidence that Routt refused the breath test, based upon the documents provided by Director.

In the present case, the court apparently based its reinstatement of Routt's driving privileges upon the finding that there was insufficient evidence of Routt's driving or operation of a motor vehicle.

▐ It is not necessary for Director to prove that Routt was driving. *Saladino*, 88 S.W.3d at 70. Instead, Director must only prove that the arresting officer had probable cause to believe that Routt was driving. *Id.;* (citing *See Hinnah v. Director of Revenue*, 77 S.W.3d 616, 621–22 (Mo. banc 2002)).

▐ Although the first page of the narrative report is missing from the documents provided in Director's answer, there is still sufficient evidence to establish that the officer had reasonable grounds to believe Routt was driving or operating a motor vehicle. The first page of the alcohol influence report contains a statement that the "arrested stopped person was ob-

served driving by," the arresting officer. Additionally, in his narrative report, the arresting officer noted that he talked to Routt about the complaint about Routt's "erratic driving." Based upon the record before us, this evidence was not contradicted [1]. Where the disputed issue is not a matter of direct contradiction by different witnesses, we do not have to defer to the findings of the trial court. *Callanan v. Director of Revenue*, 163 S.W.3d 509, 513 (Mo.App.2005) (citing *Hopkins–Barken v. Director of Revenue*, 55 S.W.3d 882, 885 (Mo.App.2001)). We may not disregard uncontroverted evidence in support of Director's contention that the required elements for revocation were proved. *Id.*

As a result of the uncontroverted evidence that complaints were made concerning Routt's erratic driving and the evidence contained in the alcohol influence report that the arresting officer observed Routt driving, the trial court's finding that there was insufficient evidence of Routt's driving or operation of a motor vehicle was against the weight of the evidence. The arresting officer had probable cause to believe Routt was driving while intoxicated, and therefore, the Director established a prima facie case for revocation of Routt's driving privileges.

▐ We note that in his brief, Routt states that he and another witness were present at the hearing and prepared to testify that Routt was not driving while intoxicated. Routt also contends that the court "determined [his] testimony would be unnecessary. . . ." At oral argument, counsel for Routt represented to the court that he left the courtroom to attend to another matter, and during his absence, an order was entered reinstating Routt's driving privileges. Where the trial court directs a verdict, or enters a judgment pur-

---

**1.** No transcript was made of the proceedings on Routt's petition for review; thus, it appears as though no testimony was adduced from Routt or any other witness to contradict the evidence.

suant to Missouri Supreme Court Rule 73.01(b) [2], it is appropriate for our court to remand the cause to allow the defendant the opportunity to present evidence to rebut the Director's prima facie case. *Hamor v. Director of Revenue,* 153 S.W.3d 869 (Mo.App.2004). However, in the present case, the underlying procedural facts are unclear based upon the record before us. Given the uncertainty as to Routt's opportunity to present evidence at the hearing, we remand the cause to the trial court to allow Routt the opportunity to present evidence to rebut the Director's prima facie case.

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.

---

2. Rule 73.01(b) provides that in cases tried without a jury, "[a]fter the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief. The filing of such motion does not constitute a waiver of defendant's right to offer evidence."