James **VELLUTO**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. ED 97843.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 2012.

---

Samuel E. Buffaloe, Assistant Attorney General, Jefferson City, MO, for appellant.

Travis Noble, Clayton, MO, for respondent.

*Opinion*

ANGELA T. QUIGLESS, Judge.

The Director of Revenue for the State of Missouri ("Director") appeals the judgment of the Circuit Court of St. Louis County setting aside the Director's order

suspending the driving privileges and disqualifying the commercial driving privileges of James Velluto ("Velluto"). We reverse and remand to the court with instructions to enter a judgment affirming the suspension of Velluto's driving privileges and disqualification of his commercial driving privileges.

## Background

In August of 2010, the Director suspended Velluto's commercial driving privileges for one year pursuant to Sections 302.505 (Cum.Supp.2001)[1] and 302.525 RSMo. (Cum.Supp.2009). Velluto petitioned the Circuit Court of St. Louis County for a trial *de novo* on his suspension.

At trial, the Director admitted into evidence an Alcohol Influence Report ("AIR"), the arresting officer's report, a breath analysis test given post-arrest with maintenance documents, and the video of the arrest. There were no objections.

According to the arresting officer's report, the officer observed Velluto operating a vehicle at a high rate of speed. The officer then observed the vehicle make an abrupt lane change, straddle the center line, and use two lanes when he entered Interstate 270. The officer pulled Velluto over and noted in the report that there was a strong odor of alcohol coming from Velluto. Upon further questioning, Velluto stated he had been at a bar and had been drinking. The officer noted Velluto had glassy and staring eyes, slow speech, and uncertain balance. The report indicated the officer administered several field sobriety tests prior to administering a preliminary breath analysis test, which indicated Velluto's blood-alcohol content exceeded the legal limits. After obtaining the results of the preliminary breath analysis test, the officer arrested Velluto for driving while intoxicated. After transport-

ing Velluto to the station, the officer administered a post-arrest breath analysis test and the test reflected Velluto's blood-alcohol content was .096 percent. The Director subsequently suspended Velluto's driving privileges and disqualified his commercial driving privileges.

Velluto requested a trial *de novo* in the Circuit Court of St. Louis County. At trial, Velluto testified he told the officer he had been to a restaurant, a nightclub, and a bar. He consumed three mixed drinks and one shot at the nightclub. He denied leaving his lane or changing lanes abruptly. Velluto further testified he got out of the car, at the officer's request, wearing only one shoe because he had a large splinter in his foot. He removed his other shoe to perform the field sobriety tests.

Velluto testified he attempted to perform the requested alphabet test once or twice but he did not properly recite the test. When questioned further, he stated he did not recall trying to perform the test four times, and did not recall what the video recording would show.

Velluto testified the officer asked if he wanted to take a portable breath analysis test. He told the officer he would "blow over because I'm a CDL holder and the alcohol is .4." He further testified the officer told him the legal limit is .08. He testified he took the portable breath test and afterward he said, "I know I failed." The Director asked Velluto the following question:

> After you said "I failed" [the officer] says to you "If you know so much about it then you also know you're not supposed to be driving, isn't that right," and your response [was] "That's right;" do you remember that?

Velluto testified, "Yes."

Travis Jones, ("Jones") an instructor in field sobriety testing under the National

---

1. All statutory references are to RSMo. (Cum. Supp.2001), unless otherwise indicted.

Highway Traffic Safety Administration, reviewed the video tape and testified that the officer had improperly administered the field sobriety tests. He testified if the three field sobriety tests given to Velluto were correctly administered by an officer, failure of the test would indicate a probability that the person had a BAC of .10 or above. Jones also testified Velluto did not seem "uncertain" on the video nor did his speech appear to be "slow" in any way.

The court found the testimonies of Velluto and Jones credible. The court further found Velluto did not have "uncertain" balance or "slow" speech as described in the AIR. Based on the number of inconsistencies and contradictions in the report as compared to the video, the court found the remaining observations of the officer not credible. The results of the field sobriety tests were excluded based on Jones's testimony that they were improperly administered. Based on the totality of the evidence, the court found there was not probable cause to arrest Velluto for driving while intoxicated. Finding no basis to request Velluto submit to a breath test, the court excluded the admission of such test as unwarranted and improper. The court reinstated Velluto's driving privileges and removed the administrative revocation from his driving record. This appeal follows.

*Standard of Review*

We will affirm the trial court's judgment unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the court has erroneously declared or applied the law. *White v. Director of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Appellate courts defer to the trial court on factual issues because the trial court is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *White*, 321 S.W.3d at 307–308. We review the evidence in the light most favorable to the judgment and where the facts are contested, deference is given to the trial court's assessment of the evidence and credibility of the witnesses. *Id.* If the evidence is uncontested or admitted so that the real issue is a legal one, then there is no need to defer to the trial court's judgment. *Id.*

*Discussion*

■ The Director argues the court erred in finding the officer lacked probable cause to arrest Velluto for driving while intoxicated. We agree.

■ Section 302.505 provides that the Director must prove by a preponderance of the evidence that (1) the arresting officer had probable cause to arrest the driver for an alcohol-related offense; and (2) the driver was driving with a blood alcohol content equal to or in excess of the legal limit. *Irwin v. Director of Revenue*, 365 S.W.3d 266, 267 (Mo.App. E.D.2012). The burden of proof is upon the Director. Section 302.535; *White*, 321 S.W.3d at 304. If the Director fails to meet the burden on either element, the trial court is required to order the Director to reinstate the individual's driving privileges. *Storck v. Director of Revenue*, 59 S.W.3d 545, 548 (Mo. App. E.D.2001).

■ Probable cause exists "when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed." *White*, 321 S.W.3d at 309. The trial court must assess the facts "by viewing the situation as it would have appeared to a prudent, cau-

tious, and trained police officer." *Id.* The level of proof to show probable cause is much less than what is required to establish guilt beyond a reasonable doubt. *Id.* Whether or not probable cause exists will depend on the particular facts and circumstances of the individual case. *Southards v. Director of Revenue*, 321 S.W.3d 458, 461 (Mo.App. S.D.2010). There must be a fair probability that an offense has been committed. *Id.* Field Sobriety tests are not a requirement for an officer to develop reasonable grounds that a person is driving under the influence, but rather only supplement the officer's other observations when considering probable cause. *Bruce v. Department of Revenue*, 323 S.W.3d 116, 120 (Mo.App. W.D.2010). This is especially true when other conditions make it difficult to conduct field sobriety tests. *Id.* Furthermore, an admission that a driver has been drinking gives justification for the officer to offer the driver the opportunity to take a field breath test. *Soest v. Director of Revenue*, 62 S.W.3d 619, 620 (Mo.App. E.D.2001).

In this case, the Director admitted into evidence the AIR, the arresting officer's report, the post-arrest breath analysis test with maintenance documents, and the arrest video. The court was free to believe or disbelieve any of the evidence. *See White*, 321 S.W.3d at 308. Though we give deference to the court's credibility determinations, probable cause is a legal question for which we review without deference to the court's judgment. *See White*, 321 S.W.3d at 308.

In the present case, the video shows the actions of the officer and the statements of Velluto. Velluto testified,[2] he admitted to the officer he had consumed four alcoholic drinks that evening. His admission was sufficient probable cause for the officer to offer the breath analysis test. *See Soest*, 62 S.W.3d at 620 (admission of drinking gave an officer opportunity to offer driver to take a portable breath analysis test). Further, Velluto testified he did not properly recite the alphabet test and he could not perform some of the field sobriety tests because of the large splinter in his foot. Tests such as the alphabet test are offered to show probable cause. *See Nuyt v. Director of Revenue*, 814 S.W.2d 690, 692 (Mo.App. E.D.1991). Velluto's argument that the tests were improperly administered is not dispositive here because field sobriety tests are not a requirement for probable cause. *See Bruce*, 323 S.W.3d at 120 (sobriety test not requirement for an officer to have probable cause especially in a situation where driver declined to take field sobriety test). The field sobriety tests only supplemented the officer's other observations of the smell of alcohol, glassy and staring eyes, and a preliminary breath test exceeding .08 blood alcohol content. *See Bruce*, 323 S.W.3d at 120. Velluto's admissions at trial that he should not have been driving, had three drinks and a shot, and would fail the breath analysis test are uncontested admissions. Evidence is uncontested when a party has admitted through individual testimony the basic facts of the other party's case. *White*, 321 S.W.3d at 308. In assessing the facts, we must view the facts as they appear to a prudent, cautious, and trained police officer. *See Id.* at 309. Therefore, we find the officer had legal probable cause to believe that Velluto had been driving while intoxicated. In this respect, the court erroneously applied the law.

 As we have found the officer had probable cause to arrest Velluto and there was no objection at trial to the admission of the post-arrest breath analysis test, which reflected a blood alcohol content of

**2.** The court found Velluto's testimony credi- ble.

.096, we will not address appellant's second point on appeal as to the exclusionary rule.[3]

## Conclusion

The Director made a prima facie case under section 302.505, and we therefore reverse the court's judgment and remand the case with the instruction to enter a judgment affirming the suspension of Velluto's driving privileges and disqualification of his commercial driving privileges.

ROBERT G. DOWD, JR., P.J., and ROY L. RICHTER, J., concur.

---

3. The exclusionary rule does not apply to administrative license revocation and suspension proceedings. *Riche v. Director of Revenue,* 987 S.W.2d 331, 336 (Mo. banc 1999).