

# Missouri Court of Appeals

## Southern District

### Division One

TIMOTHY BEAVERS, )
)
                Appellant, )
)
     vs. )      No. SD33287
)      Filed:  March 25, 2015
DIRECTOR OF REVENUE, )
STATE OF MISSOURI, )
)
             Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Don M. Henry, Associate Circuit Judge

**<u>AFFIRMED</u>**

On May 19, 2013, the Director of Revenue ("Director"), revoked the driving privileges of Timothy Beavers ("Beavers"), pursuant to section 577.041,[1] for failure to submit to a breath test after Beavers was stopped for driving while intoxicated ("DWI").  On March 12, 2014, a post-revocation hearing was conducted and the trial court found in favor of the Director.  We affirm the judgment of the trial court.

---

[1] All references to statutes are to RSMo Cum.Supp. (2010), unless otherwise indicated.

**Factual and Procedural Background**

The record reveals that at 10:50 p.m. on May 4, 2013, Officer Wes Ellison ("Officer Ellison"), of the Willow Springs Police Department, was traveling westbound on Main Street in Willow Springs. A vehicle traveling eastbound on Main Street crossed the centerline, forcing Officer Ellison to move to the right side of the roadway to avoid being struck. Officer Ellison then turned and followed the vehicle, observing it cross the centerline again, then proceed down the middle of the road.

Officer Ellison initiated a traffic stop and identified the vehicle's driver as Beavers. Beavers fumbled when asked to produce his proof of insurance and driver's license; Officer Ellison smelled a strong odor of alcohol emanating from Beavers' vehicle; and when Beavers got out of his vehicle, Officer Ellison observed Beavers stumbling and walking slowly. Officer Ellison asked Beavers whether he had been drinking and Beavers replied, "I just came from the bar," where he had been drinking. As Beavers spoke, Officer Ellison smelled a strong odor of alcohol on Beavers' breath.

Officer Ellison went to his vehicle to turn off the emergency lights and instructed Beavers to stay at the rear of his patrol vehicle. Instead, Beavers walked up to the passenger side of the patrol vehicle. Officer Ellison then instructed Beavers regarding the Horizontal Gaze Nystagmus ("HGN") field sobriety test. Prior to beginning the test, he noticed Beavers' eyes were bloodshot and watery. He twice instructed Beavers to focus on the end of his pen with his eyes and to keep his head still. When Officer Ellison began to move his pen, Beavers stared straight at him.

Officer Ellison asked Beavers whether he understood his instructions for performing the test and Beavers stated, "'I know what you're doing[,] . . . I'm just coming from the bar and going home, can't you give me a break?'" Officer Ellison asked Beavers if he thought he should

2

be driving and Beavers replied, "no." Officer Ellison was unable to complete the HGN and did not attempt to perform any other field sobriety tests. He then placed Beavers under arrest for DWI. Officer Ellison called for assistance and Officer Brian Jackson ("Officer Jackson") responded to the scene. Upon Officer Jackson's arrival, Beavers was placed in the back seat of Officer Jackson's patrol car for transport to the police department.

The remainder of the DWI investigation was then completed by Officer Jackson. Upon arrival at the police station, Beavers was read his *Miranda*[2] warning and a request was made that Beavers perform the standard sobriety tests. Beavers responded, "'I know what you are trying to [do] and I am not going to do the tests.'" Beavers was then read Missouri's Implied Consent Law and was asked for a breath sample. Beavers refused to give a breath sample and stated, "'I have been drinking, I just left Marci's bar.'"

Based upon these facts, the Director revoked Beavers' driving privileges for refusing to submit to a chemical test. Beavers then filed a "Petition for Review of Administrative Revocation."

On March 12, 2014, a hearing was held. The only evidence adduced was the certified record from the Director's office, which consisted of Beavers' driving record, indicating two prior administrative alcohol suspensions; reports filled out by Officer Jackson—notice of revocation of driving privileges for failure to submit to an alcohol test, Alcohol Influence Report, Probable Cause Statement, vehicle report and Narrative Report; and an "Incident Supplement Page," consisting of a narrative report by Officer Ellison. Beavers objected to the certified records as hearsay, but the objection was overruled. Beavers did not submit any evidence, but rather elected to argue that based on the evidence, there was no probable cause for Beavers' arrest.

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

After hearing argument from the parties, the trial court issued judgment affirming the license revocation. In the judgment, the trial court made specific findings of fact regarding the indicia of intoxication Officer Ellison observed, and rejected Beavers' argument that Officer Ellison did not have "probable cause of reasonable grounds" to arrest Beavers because he did not perform any field sobriety tests prior to arrest.

In his sole point relied on, Beavers contends the trial court erred in affirming the Director's order revoking his driving privileges because the Director failed to establish that Officer Ellison had probable cause[3] to arrest Beavers for an alcohol-related violation.

The issue for our determination is whether there was probable cause for Beavers' arrest.

## Standard of Review

The trial court's judgment will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010).

In reviewing a contested issue, the nature of our review is determined by whether the issue is a matter of fact or law. *Id.* at 308. We review questions of law *de novo*, whereas we defer to the trial court's assessment of the evidence on issues of fact. *Id.* However, where the facts are uncontested, we do not defer to the trial court's assessment of the evidence because there are no findings of fact to defer to. *Id.*

To contest evidence, parties need not affirmatively present contrary evidence. *State v. Mignone*, 411 S.W.3d 361, 365 (Mo.App. W.D. 2013). Evidence is contested where it is disputed in *any manner*. *Ayler v. Director of Revenue*, 439 S.W.3d 250, 255 (Mo.App. W.D. 2014). A party can dispute evidence in many ways, including cross-examining witnesses,

---

[3] Section 577.041 uses the term "reasonable grounds," but "probable cause" is virtually synonymous in this context. *Jarboe v. Director of Revenue*, 434 S.W.3d 96, 98 (Mo.App. E.D. 2014). Beavers tends to use the latter term and so do we.

4

pointing out internal inconsistencies in the evidence, challenging the credibility of a witness, or making argument to the trial court about the nature and quality of the evidence. *Mignone*, 411 S.W.3d at 364.

We apply these standards as applicable to contested and uncontested factual issues in the record.

## Analysis

Beavers contends the trial court erred in affirming Beavers' revocation because there was insufficient evidence to support probable cause that Beavers was driving while intoxicated.

The gist of Beavers' argument is that because Officer Ellison lacked training required to administer field sobriety tests, Officer Ellison's observations could not have been sufficient to support probable cause.

Our courts have held that while field sobriety tests are available to an officer attempting to determine whether probable cause exists, an officer can "'develop probable cause to arrest an individual for driving while intoxicated absent any field sobriety tests at all.'" *Lord v. Director of Revenue*, 427 S.W.3d 253, 257 (Mo.App. E.D. 2014) (quoting *Gannon v. Director of Revenue*, 411 S.W.3d 394 (Mo.App. E.D. 2013)). "[F]ield sobriety tests are *not* a requirement for an officer to develop probable cause that an individual is driving while intoxicated[, and] 'the tests merely supplement the officer's other observations in determining whether probable cause exists.'" *Id.* at 257 (quoting *Gannon*, 411 S.W.3d at 398) (internal quotation and citation omitted) (emphasis in original).

In *Gannon*, this principle is more fully explained:

Absent field sobriety tests or HGN testing, similar observations as those made by Trooper Van Winkle in the present case, such as traffic violations; the strong odor of intoxicating beverage; bloodshot, glassy, watery eyes; slurred speech; swaying balance or gait, and an admission to drinking by the driver have been considered sufficient evidence of probable cause to arrest for driving while intoxicated. *Brown v. Director of Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002) (probable cause to arrest a driver for alcohol-related violation exists when police officer observes illegal operation of motor vehicle, and other indicia of intoxication upon coming into contact with driver); *See also Routt v. Director of Revenue*, 180 S.W.3d 521, 523–24 (Mo.App. E.D.2006) (strong odor of alcoholic beverage, watery, bloodshot, glassy eyes, slurred speech, and swaying provided officer with reasonable grounds to believe individual was driving while intoxicated); *Rain v. Director of Revenue*, 46 S.W.3d 584, 588 (Mo.App. E.D.2001) (erratic and illegal driving, glassy, bloodshot eyes, slurred speech, unsteadiness on feet, difficulty concentrating sufficient to provide officer with probable cause to arrest).

In the present case, the trial court found insufficient evidence of probable cause to arrest Gannon for driving while intoxicated; however, the trial court's judgment does not contain specific findings regarding credibility relating to the evidence of indicia of intoxication. Even assuming the trial court found the evidence relating to the administration of the field sobriety tests or the HGN test not credible, the DOR still presented sufficient evidence of Trooper Van Winkle's observations of indicia of intoxication, if believed, to support a prima facie finding of probable cause to arrest Gannon for driving while intoxicated. Absent a finding from the trial court regarding credibility concerning this evidence, the DOR was able to meet its burden in this case with such evidence. Thus, the trial court erred in finding insufficient evidence of probable cause, and we must reverse the judgment.

*Id.* at 398-99.

*Gannon* prescribes our holding here. Officer Ellison observed Beavers commit several traffic violations: Beavers crossed the centerline of the road into oncoming traffic (nearly striking Officer Ellison's car in the process), and then crossed the centerline again, thereafter remaining in the middle of the road over the dividing line. After stopping Beavers, Officer Ellison saw Beavers fumble with his insurance card and driver's license, smelled the strong odor

6

of alcohol coming from Beavers' car, and observed Beavers stumbling and walking slowly after he exited his car.

When Officer Ellison asked Beavers if he had been drinking, Beavers confirmed that he was coming from a bar where he had indeed been drinking. Beavers then asked Officer Ellison to "give [him] a break," though conceding that even he did not think he should be driving in his present condition.

Officer Ellison smelled the strong odor of alcohol on Beavers' breath, saw that Beavers' eyes were bloodshot and watery, and noticed that Beavers was mumbling and slurring his words. Beavers also had difficulty following Officer Ellison's instructions—after Officer Ellison told Beavers to stay at the rear of the patrol car, Beavers walked up to the passenger side of the vehicle.

This is sufficient evidence from which the trial court could have determined that Officer Ellison had probable cause to arrest Beavers for driving while intoxicated. *See Gannon*, 411 S.W.3d at 398-99.

Beavers cites *Storck v. Director of Revenue*, 59 S.W.3d 545 (Mo.App. E.D. 2001), which deferred to the trial court's "wide discretion on factual issues" in affirming a finding of no probable cause. *Id.* at 548, 549. We are applying the same principles—deferring to *this* trial court's "wide discretion on factual issues" in affirming *this* finding of probable cause.

There was sufficient evidence from which the trial court could find that there was probable cause that Beavers was driving while intoxicated. The judgment is affirmed.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concur

DANIEL E. SCOTT, J. - Concur