

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **TROY MARLIN HILL,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD76689** |
| | ) | |
| **v.** | ) | **OPINION FILED: March 25, 2014** |
| | ) | |
| **DIRECTOR OF REVENUE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Lafayette County, Missouri**
The Honorable Randall W. Shackelford, Judge

Before Division One: Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and
Karen King Mitchell, Judge

Troy Hill ("Hill") appeals from the trial court's judgment sustaining the revocation of Hill's driving privileges pursuant to section 577.041.[1] In his sole point on appeal, Hill claims that the trial court erred in sustaining the suspension of his driver's license because there was insufficient evidence of probable cause to believe that Hill was driving a motor vehicle in an intoxicated or drugged condition. We affirm.

## Factual and Procedural History

---

[1] All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

On March 5, 2013, Odessa Police Officer William Hotmer ("Officer Hotmer") responded to a dispatch reporting that a black truck had been driving all over the roadway. The truck was reportedly stopped at a Shell gas station. Officer Hotmer saw the described truck leaving the gas station. The truck was being driven by Hill.

Officer Hotmer followed Hill. Officer Hotmer observed Hill make a wide turn crossing into the opposing lane of traffic, weave within his own lane, and travel off the roadway. As Hill approached a four way stop, Officer Hotmer observed him brake in a delayed manner before coming to an incomplete stop partially in the intersection. Officer Hotmer continued following Hill and observed him veer from the right shoulder across the roadway and into the opposing lane of travel. At that point, Officer Hotmer activated his emergency lights to initiate a traffic stop. Hill continued driving another block or block and a half at a slow rate of speed before pulling over.

Officer Hotmer made contact with Hill and asked him for identification and proof of insurance. Officer Hotmer observed that Hill's eyes were watery, that his pupils were constricted in the low lighting, and that his speech was slurred and confused. Officer Hotmer observed several prescription pill bottles in Hill's truck. Hill denied that he had been drinking alcohol. Hill reported to Officer Hotmer that he had taken a generic brand of Zoloft and another unknown medication.

When Officer Hotmer asked Hill to exit the vehicle he noticed that Hill's motions were slow and that he was staggering, swaying, and had uncertain balance. Based on his collective observations, Officer Hotmer believed Hill was intoxicated by some type of drug or alcohol. During the stop, Officer Hotmer was advised by dispatch that Hill had

2

an outstanding warrant for his arrest. Officer Hotmer arrested Hill on the outstanding warrant and for suspicion of driving while intoxicated by prescription medication.

Hill was transported to the Odessa Police Department where Officer Hotmer asked him if he had any disability that would prevent him from performing the standard field sobriety tests. Hill responded that he had a bad back. Consequently, Officer Hotmer asked Hill to submit to an alphabet test, a counting test, and a finger dexterity test rather than the walk and turn and one leg stand tests. Hill passed all three tests. However, Officer Hotmer observed Hill's movements and reactions were slow as he completed the finger dexterity test. Officer Hotmer also had Hill face him and cover one eye. Officer Hotmer observed that Hill's pupils remained constricted and did not react to the change in light.

Officer Hotmer requested the assistance of a drug recognition expert (a "DRE"), but none were available. Officer Hotmer believed Hill was intoxicated by something other than alcohol as he had not detected an odor of alcohol and because Hill's eyes were constricted, not dilated. Officer Hotmer read Hill Missouri's Implied Consent Warning[2] and requested that Hill submit to a blood test. Hill asked to talk to an attorney before he submitted to a blood test. Officer Hotmer informed Hill that he could use a nearby room where phone books for Kansas City, Blue Springs and Lafayette County were available. Hill said that he would talk to an attorney on a later date. Officer Hotmer explained to Hill that he could not wait to a later date to decide whether he was going to submit to a

---

[2]Section 577.041.1 provides that an officer's request to submit to a chemical test or tests of the person's breath, blood, saliva or urine "shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test."

blood test. Hill refused to submit to the blood test. Officer Hotmer issued Hill a notice of revocation of his driving privileges and a fifteen day driving permit.

Hill filed a petition to review the revocation in the circuit court of Lafayette County. A hearing was held on May 23, 2013. On May 28, 2013, the trial court sustained the revocation of Hill's driving privileges. Hill appeals.

## Standard of Review[3]

"In this court-tried case, the standard of review is that of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). This Court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Fick v. Dir. of Revenue*, 240 S.W.3d 688, 690 (Mo. banc 2007). "If the facts of a case are contested, then this Court defers to the trial court's determinations regarding those facts. If "the facts are not contested, then the issue is legal and there is no finding of fact to which to defer." *Id.* (citation omitted). "We review probable cause determinations *de novo* under an abuse of discretion standard." *Bruce v. State*, 323 S.W.3d 116, 119 (Mo. App. W.D. 2010) (*citing White v. Dir. of Revenue*, 321 S.W.3d 298, 310 (Mo. banc 2010) (explaining the standard and how it is to be applied).

## Analysis

[3]In violation of Rule 84.04(e), Hill fails to set forth the applicable standard of review. *Duncan-Anderson v. Duncan*, 321 S.W.3d 498, 500 (Mo. App. E.D. 2010). "Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for dismissal of the appeal." *Bradley v. Capps*, 200 S.W.3d 545, 546 (Mo. App. E.D. 2006). However, "'[w]ether to dismiss an appeal for briefing deficiencies is discretionary . . . and generally not exercised unless the deficiency impedes disposition on the merits.'" *Biersmith v. Curry Ass'n Management, Inc*., 359 S.W.3d 84, 88 (Mo. App. W.D. 2011) (citation omitted). Here, the deficiency does not impede our ability to decide the legal issue presented.

4

In his sole point on appeal, Hill asserts that the trial court erred in entering its judgment sustaining the suspension of his driver's license because the evidence of probable cause to believe that Hill was driving a motor vehicle in an intoxicated or drugged condition was insufficient. Specifically, Hill complains that the Director of Revenue ("Director") did not prove sufficient indicia of intoxication by a prudent, cautious, and trained officer. We disagree.

> At a hearing on the revocation of driving privileges for refusal to submit to a chemical test, the circuit court shall only determine: (1) whether the driver was arrested or stopped; (2) whether the arresting officer had reasonable grounds to believe the driver was driving while intoxicated, and (3) whether the driver refused to submit to the chemical test.

*Id.* (citing section 577.041.4). The burden is on the Director to prove all three elements by a preponderance of the evidence. *Id.*

Here, it is undisputed that Hill was arrested and that Hill refused to submit to the test. Additionally, Hill does not dispute that he was the driver. Hill challenges only the sufficiency of the evidence to establish the second element--that Officer Hotmer had reasonable grounds to believe that Hill was driving while intoxicated. "'Reasonable grounds' is virtually synonymous with probable cause.'" *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 n.6 (Mo. banc 2010) (citation omitted).

> Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense. Whether there is probable cause to arrest depends on the information in the officers' possession prior to the arrest. There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case.

5

*Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 621 (Mo. banc 2002) (citations and quotation marks omitted). "The trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.

> Proof of probable cause need only meet the preponderance of the evidence standard. This merely requires that the evidence, taken as a whole, is sufficient to show the fact to be proven is more likely than not. The level of proof necessary to show probable cause for suspension or revocation of a driver's license is "substantially less" than that required to establish guilt beyond a reasonable doubt.

*Hager v. Dir. of Revenue*, 284 S.W.3d 192, 197 (Mo. App. S.D. 2009) (citations omitted). "Whether the driver is under the influence of alcohol or any other substance is irrelevant. The relevant inquiry is whether or not the arresting officer had reasonable grounds for believing that the arrested person was driving while in either an intoxicated or drugged condition." *Johnson v. Dir. of Revenue*, 168 S.W.3d 139, 141 (Mo. App. W.D. 2005).

In rendering its judgment sustaining the revocation of Hill's driving privileges under section 577.041, the trial court did not issue findings of fact or conclusions of law, and simply held that "by a preponderance of the evidence . . . [Officer Hotmer] had reasonable grounds to believe [Hill] was driving a motor vehicle while under the influence of some unknown substance[.]" "Where the trial court does not make specific findings of fact, an appellate court must determine whether there is sufficient evidence to sustain the trial court's conclusion." *Hinnah,* 77 S.W.3d at 621.

Here, there was substantial evidence to support the trial court's finding that Officer Hotmer had reasonable grounds to believe that Hill was driving while intoxicated prior to his arrest. Officer Hotmer testified that he believed Hill's truck was the subject of the

6

dispatch about a truck driving all over the roadway, and that he followed Hill and observed him driving erratically and weaving in his own lane, crossing into the opposing lane, and failing to appropriately and completely stop at a stop sign before initiating the traffic stop. Officer Hotmer testified that once he made contact with Hill he observed indicia of intoxication including that Hill's speech was slurred and confused; that his eyes were watery; that his pupils were constricted in the low lighting; that his responses to questions were delayed; and that when he exited the vehicle he swayed, staggered, and had uncertain balance. In addition, Hill admitted that he took generic Zoloft and another unknown drug. These facts and circumstances are sufficient to support a prudent, cautious, and trained police officer's belief that Hill committed the offense of driving while intoxicated. "Probable cause exists when a police officer observes illegal operation of a motor vehicle and indicia of intoxication upon contacting the motorist." *Bruce*, 323 S.W.3d at 119.

This case is analogous to the facts in *Bruce*. There, the arresting officer observed a driver driving unusually and with multiple traffic violations. *Id.* at 118. Upon contact with the driver, the arresting officer observed that the driver exhibited classic signs of intoxication including watery, bloodshot eyes; slurred speech; and swaying when she walked. *Id.* The driver also admitted to consuming two beers that evening. *Id.* This court found that the arresting officer had reasonable grounds to believe that the driver was driving under the influence. *Id.* at 120.

Likewise, in *Coffin v. Director of Revenue*, an officer received a dispatch stating that a driver was driving the wrong way and, upon contact, the officer personally

7

observed evidence of the driver's intoxication which included bloodshot and glassy eyes and slurred speech. 277 S.W.3d 865, 866-67 (Mo. App. W.D. 2009). We held that the evidence supported a finding of probable cause to believe the driver was intoxicated. *Id.* at 871.

Similarly, in *Hinnah*, an arresting officer testified that he observed a driver alone inside a truck with its engine running, parked alongside the interstate. 77 S.W.3d at 621. Upon contact, the officer observed that the driver had a strong odor of alcohol on his breath; had watery, glassy, bloodshot eyes; had difficulty maintaining his balance; and admitted running the vehicle into a concrete barrier and flattening the tire. *Id.* Our Supreme Court held that the arresting officer's testimony supported a finding of reasonable grounds to believe the driver was intoxicated. *Id*. at 622.

Like the facts in the aforesaid cases, here, it was undisputed that Officer Hotmer observed Hill's erratic driving with multiple traffic violations, observed signs of impairment, and also obtained Hill's admission that drugs were consumed. Hill nonetheless argues that there is little to no evidence to support a finding that Officer Hotmer had reasonable grounds to believe that Hill was driving under the influence. Hill bases his argument on the fact that Officer Hotmer was not trained as an expert in detecting drug impairment and he was unable to secure a DRE to examine Hill.

Hill fails to cite any authority in support of his conclusory argument that "expert" determination of drug intoxication is an essential requisite to establishing reasonable

grounds to believe a driver is intoxicated.[4] "An appellant has an obligation to cite appropriate and available precedent if he expects to prevail, and, if no authority is available to cite, he should explain the reason for the absence of citations." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 148 (Mo. App. W.D. 2007). "When 'the appellant neither cites relevant authority nor explains why such authority is not available, the appellate court is justified in considering the points abandoned and dismiss[ing] the appeal.'" *Id.* (citation omitted).

In any event, Hill's conclusory argument is without merit. Though Officer Hotmer testified that he did not have any training as a DRE, training as a DRE is not a prerequisite to supporting a probable cause finding. "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Hinnah*, 77 S.W.3d at 621. Officer Hotmer testified that *prior* to arresting Hill he formed the opinion that, based on his training, experience, and social experiences, Hill was "intoxicated by some type of a drug or alcohol due to his driving impairment; he was all over the roadway. When I c[a]me into contact with him, his eyes, slurred speech, and when he exited the vehicle, I observed his motions to be slow and to be staggering and swaying, uncertain."

---

[4]Hill cites and attaches *Holloway v. Dir. of Revenue*, 324 S.W.3d 768, 775 (Mo. App. S.D. 2010), but only for the general statement of law that there is no precise test for determining whether probable cause exists. Hill does not offer any explanation of how or if *Holloway* is applicable or instructive to the present case. Nonetheless, *Holloway* is distinguishable in that, there, the facts were contested and the Southern District deferred to the trial court's credibility determination in favor of the arresting officer regarding his observations of, and contact with, the driver. *Id.*

9

Further, Officer Hotmer testified on cross-examination that he requested the help of a DRE *after* he arrested Hill. Plainly, it is of no consequence that Officer Hotmer sought the assistance of a DRE *after* he arrested Hill. "Whether there is probable cause to arrest depends on the information in the officers' possession *prior* to the arrest." *Id.* (emphasis added).

The trial court's finding that Officer Hotmer had reasonable grounds to believe that Hill was driving a motor vehicle while in an intoxicated or drugged condition is supported by substantial evidence. Point is denied.

## Conclusion

We affirm the trial court's judgment.

_____
Cynthia L. Martin, Judge

All concur