

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| JAMES S. LANGLEY, JR., ) | |
| ) | |
| Appellant, ) | |
| ) | WD77826 |
| v. ) | |
| ) | OPINION FILED: |
| ) | August 4, 2015 |
| DIRECTOR OF REVENUE, ) | |
| ) | |
| Respondent. ) | |

**Appeal from the Circuit Court of Clinton County, Missouri**
**The Honorable Paul T. Luckenbill, Judge**

**Before Special Division:** Gary D. Witt, Presiding Judge,
Mark D. Pfeiffer, Judge, and Zel M. Fischer, Special Judge

James Langley, Jr. ("Langley") appeals from the judgment of the Circuit Court of Clinton County, Missouri ("trial court"), upholding the Director of Revenue's ("Director") driver's license revocation for refusal to submit to a chemical test of his breath pursuant to section 577.041.[1] We affirm.

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2012 Cumulative Supplement.

## Factual and Procedural History[2]

On December 6, 2013, Plattsburg Police Department Patrol Officer Joshua Doss was traveling westbound on 116 Highway. Langley's vehicle was traveling eastbound below the posted speed limit but accelerated when it passed Officer Doss's patrol car. Officer Doss turned his patrol car around and activated his radar unit, which recorded Langley's vehicle traveling fifty-two miles per hour in a thirty-five-mile-per-hour zone. The officer tried to catch up to Langley's vehicle, but it sped away. The officer observed Langley's vehicle "jerk" into Larry's One Stop convenience store. Langley pulled his vehicle behind the store, exited his vehicle, and was walking to the opposite side of the building. Officer Doss directed Langley to come back to his vehicle.

During Officer Doss's interaction with Langley, he observed Langley to have a "very strong odor of alcohol on his person, and his eyes were bloodshot and glassy." Langley's speech was slurred; Langley admitted to consuming alcohol ("two or three beers"); and Langley incorrectly stated his address when instructed by Officer Doss to provide it. Officer Doss ultimately discovered that there was an outstanding warrant for Langley's arrest.

Officer Doss requested that Langley submit to standardized field sobriety tests, and Langley agreed. First, the officer had Langley perform the horizontal gaze nystagmus ("HGN") test. Langley's pupils were of equal size, both tracked equally, and there was no resting nystagmus. However, in both eyes there was lack of smooth pursuit, distinct and sustained nystagmus, and onset prior to forty-five degrees. Second, the officer had Langley perform the walk and turn test. Langley used his arms for balance, miscounted his steps, and forgot what he

---

[2] We view the evidence and the reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences. *McKay v. Dir. of Revenue*, 382 S.W.3d 119, 121 (Mo. App. W.D. 2012).

was supposed to do. The officer explained the test again, and Langley completed it. Third, the officer had Langley perform the one-leg stand test, which he completed successfully.

Officer Doss asked Langley to provide a breath sample, and Langley agreed. The portable breath test ("PBT") showed the presence of alcohol. The officer arrested Langley for driving while intoxicated and transported him to the Clinton County jail. At the jail, Officer Doss read Langley the Implied Consent and asked Langley to submit to a chemical test of his breath. Langley refused.

Langley's driving privileges were revoked for one year for refusal to submit to a chemical test of his breath pursuant to section 577.041. Langley filed a petition for review in the trial court. At the hearing, the trial court received evidence, including the Alcohol Influence Report and the video recording of the officer's body camera, and heard Officer Doss's testimony. Langley did not testify at the hearing. The trial court entered judgment upholding the revocation of Langley's driving privileges.

Langley appealed, claiming there was no substantial evidence to support the judgment.

**Standard of Review**

We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).[3] We view the evidence in a light most favorable to the judgment, and where the facts relevant to an issue are contested, we give deference to the trial court's assessment of that evidence. *Id.* at 308.

_____

[3] The Supreme Court of Missouri's opinion in *White v. Director of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), involved the review of a driver's license suspension under section 302.535 rather than the review of a license revocation under section 577.041, as in this case. Yet, the Court "cited to section 577.041 cases interchangeably with section 302.535 cases when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." *White*, 321 S.W.3d at 305 n.6.

**Analysis**

At the hearing reviewing the revocation of a driver's license for refusal to submit to a chemical test, the trial court determines only whether the Director established that: (1) the person was arrested; (2) the arresting officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) the person refused to submit to the test. § 577.041.4. Langley does not dispute that he was arrested and that he refused to submit to the breath test. Langley challenges only the sufficiency of the evidence to establish the second element.

The Director was required to establish that Officer Doss had reasonable grounds to believe Langley was driving while in an intoxicated condition—not that Langley was intoxicated. *Hill v. Dir. of Revenue*, 424 S.W.3d 495, 499 (Mo. App. W.D. 2014). "'[R]easonable grounds' is virtually synonymous with probable cause." *White*, 321 S.W.3d 305 n.6 (internal quotation omitted). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 621 (Mo. banc 2002) (internal quotation omitted). "There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case." *Id.* "The trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer." *White*, 321 S.W.3d at 309 (internal quotation omitted). Although we give deference to the trial court's credibility determinations, probable cause is a legal question that we review *de novo*. *Id.* at 310. "The level of proof necessary to show probable cause for suspension or revocation of a driver's license is

'substantially less' than that required to establish guilt beyond a reasonable doubt." *Hill*, 424 S.W.3d at 499 (internal quotation omitted).

In Langley's sole point on appeal, he maintains that Officer Doss did not have reasonable grounds to arrest him for driving while intoxicated because the officer improperly administered both the HGN and the walk and turn field sobriety tests and because he passed the one-leg stand test; thus, he asserts that the judgment is not supported by substantial evidence. "The HGN, walk-and-turn, and one-leg stand tests, as well as the PBT, are all field sobriety tests available to officers in determining whether probable cause exists." *Lord v. Dir. of Revenue*, 427 S.W.3d 253, 257 (Mo. App. E.D. 2014). "[Langley's] argument that the tests were improperly administered is not dispositive here because field sobriety tests are not a requirement for probable cause." *Velluto v. Dir. of Revenue*, 383 S.W.3d 14, 18 (Mo. App. E.D. 2012). *See Bruce v. State, Dep't of Revenue*, 323 S.W.3d 116, 120 (Mo. App. W.D. 2010) ("Field sobriety tests are not required for an officer to develop reasonable grounds for a DWI arrest."). "Such tests merely supplement the officer's other observations in the overall probable cause determination." *Bruce*, 323 S.W.3d at 120. "Therefore, the absence of a properly performed field sobriety test will not by itself preclude a finding that there were reasonable grounds to believe that an individual was driving while intoxicated." *Norris v. Dir. of Revenue*, 156 S.W.3d 786, 788 (Mo. App. W.D. 2005).

Here, there was substantial evidence to support the trial court's finding that Officer Doss had reasonable grounds to believe that Langley was driving a motor vehicle while in an alcohol induced intoxicated condition prior to arresting him. Officer Doss testified that when he came into contact with Langley, there was a "very strong odor of alcohol on his person." The odor of alcohol is a factor that an officer may consider in determining whether reasonable grounds exist

to believe that a driver is intoxicated. *Flaiz v. Dir. of Revenue*, 182 S.W.3d 244, 249 (Mo. App. W.D. 2005).[4] Upon instruction to provide his address, Langley failed to recite his address correctly. "It is well settled that the failure to follow instructions can be a factor in establishing a reasonable belief that a driver is intoxicated." *Id.* Likewise, Officer Doss also testified that Langley's eyes were bloodshot and glassy, his speech was slurred, his gait was unsteady without using his arms for balance, and he admitted to consuming alcohol. These indicators of intoxication provide reasonable grounds for the officer to believe that the driver was intoxicated by consumption of alcohol. *See Lord*, 427 S.W.3d at 258 ("[T]he strong odor of intoxicating beverage; bloodshot, glassy, watery eyes; slurred speech; swaying balance or gait; and an admission to drinking by the driver have been considered sufficient evidence of probable cause to arrest for driving while intoxicated." (citing *Brown v. Dir. of Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002)).

The Director's evidence established that Officer Doss observed Langley's traffic violation, and upon stopping Langley, the officer observed classic signs of intoxication. Viewing the situation as it would have appeared to a prudent, cautious, and trained police officer, reasonable grounds existed for Officer Doss to believe that Langley was driving a motor vehicle while intoxicated. "Probable cause exists when a police officer observes illegal operation of a motor vehicle and indicia of intoxication upon contacting the motorist." *Hill*, 424 S.W.3d at 500 (internal quotation omitted).

---

[4] We note that an odor of alcohol is also consistent with the lawful *consumption* of alcohol as opposed to *intoxication* from alcohol. Thus, Langley's odor of alcohol was merely one factor for the officer to consider in addition to other physical observations from which the officer ultimately concluded that reasonable grounds existed to believe that Langley was driving a vehicle while in an intoxicated condition.

The trial court's finding that Officer Doss had reasonable grounds to believe that Langley was driving a motor vehicle while in an alcohol induced intoxicated condition is supported by substantial evidence.

Langley's point on appeal is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
Mark D. Pfeifer, Judge

Gary D. Witt, Presiding Judge, and
Zel M. Fischer, Special Judge, concur.