Brian Charles SRADER, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

WD 79275

Missouri Court of Appeals, Western District.

Filed: August 22, 2017

Rachel M. Jones, Jefferson City for appellant.

Theodore D. Barnes, Independence for respondent.

Before Division Two: Cynthia L. Martin, P.J., and Lisa White Hardwick and Alok Ahuja, JJ.

Alok Ahuja, Judge

The Director of Revenue suspended Brian Srader's driving privileges following his arrest for driving while intoxicated. Srader petitioned for a trial *de novo* in the Circuit Court of Jackson County. The circuit court set aside Srader's suspension, on the basis that the arresting officer lacked probable cause to believe that Srader had committed the offense of driving while intoxicated. The Director appeals. We reverse.

## Factual Background

Although the circuit court concluded that the arresting officer lacked probable cause, its judgment expressly finds that "[t]he evidence adduced by the Director was credible." We accordingly recite the facts as established by the Director's evidence.

On February 15, 2015, Officer Erich Mohler of the Blue Springs Police Department was on patrol when he observed a vehicle traveling southbound on Missouri Highway 7. Srader was driving the car. Officer Mohler's attention was initially drawn to Srader's vehicle because he was unable to determine whether or not its rear lights were illuminated. He followed Srader's car and determined that there was black paint on the rear lights which reduced the visibility of the lights to less than 500 feet.

Officer Mohler followed the vehicle for another mile and observed it crossing over halfway into the left turn lane without signaling a turn. The car continued to straddle the left turn lane and the left through lane. After passing through an intersection as the light turned yellow, Srader signaled a lane change back into the right lane. The car's passenger-side wheels crossed over the fog line as the vehicle moved back into the right lane, and then continued to weave within the right lane. At that point, Officer Mohler conducted a traffic stop.

Officer Mohler approached the vehicle and obtained Srader's driver's license. Officer Mohler asked Srader if he had anything to drink that evening. Srader responded that he had not. Srader told Officer Mohler that we was coming from his home in Independence, to pick up a friend at a bar and restaurant known as Side Pockets. Officer Mohler testified that the fact that Srader had been traveling westbound on Vesper Street before turning south on Highway 7 indicated that he was not coming from anywhere near Independence.

Additionally, Officer Mohler testified that Srader's speech seemed slurred, and that his eyes were bloodshot, glassy, and watery.

Officer Mohler asked Srader to submit to a preliminary breath test, and Srader agreed. The preliminary breath test indicated the presence of alcohol. After seeing the result, Srader told Officer Mohler that he did have one twelve-ounce beer with a friend about an hour before being stopped.[1]

At this point, Officer Mohler placed Srader under arrest for careless driving and driving while intoxicated.

After arresting Srader and placing him in the patrol car, Officer Mohler detected a moderate odor of alcohol on Srader's breath. When he mentioned this to Srader, Srader admitted to drinking three beers that night.

Srader performed poorly on three different field sobriety tests at the police station.[2] Srader submitted to a breath test which indicated a blood alcohol content of .122%.

After obtaining the results of the breath test, Officer Mohler served Srader with a Notice of Suspension of Driving Privileges. An administrative hearing was held on April 1, 2015. On April 2, the Director

---

1. Officer Mohler also performed a horizontal gaze nystagmus test, although he admitted that he did not comply with the protocol for performing that test because Srader remained seated in his car.

2. Officer Mohler decided to perform the field sobriety tests at the police station, rather than at the roadside, because of the cold and windy conditions that night.

sustained Srader's suspension. Srader filed a petition for trial *de novo* in the Circuit Court of Jackson County on April 14, 2015. The case was tried to the court, with Officer Mohler as the sole witness. Prior to the commencement of trial, the Director requested that the circuit court make findings of fact pursuant to Rule 73.01(c).

The circuit court's judgment explicitly found that the Director's evidence was credible, and that Srader had a blood alcohol content over the legal limit of .08%. The judgment set aside the suspension of Srader's driving privileges, however, because the court concluded that "there was not probable cause to arrest [Srader] for an alcohol-related traffic offense, in that: probable cause was developed post arrest."

The Director appeals.

## Standard of Review

■ "In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010). "Although we give deference to the trial court's credibility determinations, probable cause is a legal question that we review *de novo*." *Langley v. Dir. of Revenue*, 467 S.W.3d 870, 873 (Mo. App. W.D. 2015) (citation omitted); *accord, Velluto v. Dir. of Revenue*, 383 S.W.3d 14, 18 (Mo. App. E.D. 2012).

## Discussion

■ The Director argues that the circuit court erred in finding that Office Mohler lacked probable cause at the time he arrested Srader. We agree.[3]

During review of a license suspension or revocation under section 302.505.1,[4] the trial court is to determine whether the suspension is supported by evidence that: (1) the driver was arrested on probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit of .08 percent. The director must establish the grounds for suspension by a preponderance of the evidence. *White*, 321 S.W.3d at 309 n.11 (other citation omitted).

The probable cause required for the suspension or revocation of a driver's license is the level of probable cause necessary to arrest a driver for an alcohol-related violation. That level of probable cause will exist "when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist." Probable cause, for purposes of section 302.505, will exist "when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed." The level of proof necessary to show probable cause under section 302.505 "is substantially less than that required to establish guilt beyond a reasonable doubt." "There is a 'vast gulf' between the quantum of information necessary to

3. In the circuit court, the Director argued in the alternative that Srader was originally arrested only for careless and imprudent driving, and that he was not arrested for driving while intoxicated until after field-sobriety tests and a breath test had been performed at the police station. The Director has abandoned this alternative "two-arrest" argument on appeal, and acknowledges that to sustain Srader's suspension, probable cause must have existed at the time he was initially arrested at the roadside.

4. Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri.

establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt." The trial court must assess the facts "by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer."

*Id.* at 309 (citations omitted). To establish probable cause, the facts must indicate "a fair probability that an offense has been committed." *Velluto*, 383 S.W.3d at 18 (citing *Southards v. Dir. of Revenue*, 321 S.W.3d 458, 461 (Mo. App. S.D. 2010)).

In this case, Officer Mohler observed multiple indicia of intoxication before arresting Srader at the roadside, and those facts established probable cause to justify Srader's arrest for driving while intoxicated.

First, Officer Mohler observed Srader driving erratically: Srader changed lanes without signaling, straddled two lanes, crossed over the fog line, and was unable to hold his position in a lane of traffic. Missouri courts have repeatedly held that erratic driving and the commission of traffic violations are indicia of intoxication which can support a finding of probable cause when coupled with other observations indicating impairment. *See, e.g., Hill v. Dir. of Revenue*, 424 S.W.3d 495, 499-500 (Mo. App. W.D. 2014); *Martin v. Dir. of Revenue*, 248 S.W.3d 685, 689 (Mo. App. W.D. 2008); *Arch v. Dir. of Revenue*, 186 S.W.3d 477, 480 (Mo. App. E.D. 2006).

Officer Mohler also testified that, after he stopped Srader, he observed that Srader's speech was slurred, and that his eyes were watery, glassy, and bloodshot. Combined with Srader's erratic driving, these observations likewise support a probable cause determination. *See Hill*, 424 S.W.3d at 500; *Bruce v. State, Dep't of Revenue*, 323 S.W.3d 116, 120 (Mo. App. W.D. 2010); *Findley v. Dir. of Revenue*, 204 S.W.3d 722, 727 (Mo. App. S.D. 2006).[5]

Srader also made inconsistent and suspicious statements to Officer Mohler. Srader told Officer Mohler that he was coming from Independence to pick up a friend at a bar and restaurant, but the direction from which he was travelling was inconsistent with his account. In addition, Srader initially denied having anything to drink, but changed his story after the positive preliminary breath test result, and admitted having a drink with a friend an hour earlier. Srader's inconsistent and questionable statements, as well as his admission that he had been drinking, support a finding of probable cause. *See Langley v. Dir. of Revenue*, 467 S.W.3d 870, 873 (Mo. App. W.D. 2015); *Findley*, 204 S.W.3d at 727; *Soest v. Dir. of Revenue*, 62 S.W.3d 619, 621 (Mo. App. E.D. 2001).

Finally, Srader voluntarily submitted to a preliminary breath test, which showed the presence of alcohol. Section 577.021.3 provides that such a pre-arrest breath test

---

**5.** During cross-examination, Officer Mohler acknowledged that the strong wind may have caused Srader's eyes to water, and that he was not familiar with Srader's normal speech patterns. While Srader may have suggested alternate, innocent explanations for certain of Officer Mohler's observations, "these explanations go more to [Srader's] ultimate guilt or innocence than to whether the arresting officer, under the circumstances, had probable cause to arrest [him] for driving while intoxicated." *Lord v. Dir. of Revenue*, 427 S.W.3d 253, 258 n.5 (Mo. App. E.D. 2014); *accord,* *Rife v. Okla. Dep't of Pub. Safety*, 854 F.3d 637, 644-45 (10th Cir. 2017) (although injuries from motorcycle accident could have explained driver's erratic behavior, "probable cause does not require police officers to rule out all innocent explanations for a suspect's behavior"); *United States v. Edwards*, 519 Fed. Appx. 411, 413 (7th Cir. 2013) ("though Edwards's grogginess *may* also have produced . . . symptoms [of intoxication], 'the possibility of an innocent explanation does not vitiate properly established probable cause'." (citation omitted)).

"shall be admissible as evidence of probable cause to arrest" (although it "shall not be admissible as evidence of blood alcohol content"). *See State v. Burks*, 373 S.W.3d 1, 8 (Mo. App. S.D. 2012). The positive preliminary breath test result provided an additional indicia of intoxication.

The circuit court expressly found all of the foregoing evidence to be credible. These facts, taken together, were sufficient to "demonstrate to the senses of a reasonably prudent person that [the offense of driving while intoxicated] has been ... committed." *White*, 321 S.W.3d at 309. While Officer Mohler may have developed additional evidence of intoxication *after* Srader's arrest (including failed field sobriety tests, the odor of alcohol on Srader's breath, and a further admission of alcohol consumption), this does not diminish the significance of the evidence known to Officer Mohler *before* he arrested Srader at the roadside. The circuit court erred by concluding that Officer Mohler lacked probable cause prior to arresting Srader for driving while intoxicated.

## Conclusion

The judgment of the circuit court is reversed, and the case is remanded to the circuit court with the direction to enter judgment sustaining the suspension of Srader's driving privilege.

All concur.