Anthony Rex Gabbert, Judge
Carlos Rocha appeals the circuit court's judgment affirming the Director of Revenue's decision to revoke Rocha's driving privilege for one year for refusing to take a chemical test pursuant to Section 302.574.[1] He asserts two claims on appeal.[2] First, he contends that the circuit court's finding that there were reasonable grounds to believe Rocha was driving a motor vehicle in an intoxicated or drugged condition was not supported by substantial evidence. Second, he contends that the circuit court's finding that there were reasonable grounds to believe Rocha was driving a motor vehicle in an intoxicated or drugged condition was against the weight of the evidence. We reverse.
Standard of Review
We review a trial court's judgment in a driver's license revocation case like any other court-tried civil case. White v. Dir. of Revenue , 321 S.W.3d 298, 307 (Mo. banc 2010). The judgment "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Id. at 307-308.
A trial court's judgment is not supported by substantial evidence when 'there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a *326 matter of law.' Ivie v. Smith , 439 S.W.3d 189, 200 (Mo. banc 2014). 'When reviewing whether the circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations[,] ... no contrary evidence need be considered on a substantial-evidence challenge ... [and] [c]ircuit courts are free to believe any, all, or none of the evidence presented at trial.' Id. 'A claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment[,]' and a trial court's 'judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment.' Id. at 206 (internal quotations omitted). 'Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.' Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976).
Laut v. City of Arnold , 491 S.W.3d 191, 197 (Mo. banc 2016).
" 'Reasonable grounds' is virtually synonymous with probable cause.' " White v. Dir. of Revenue , 321 S.W.3d 298, 305 n. 6 (Mo. banc 2010) (internal citations and quotation marks omitted). "We review probable cause determinations de novo under an abuse of discretion standard." Hill v. Dir. of Rev., 424 S.W.3d 495, 498 (Mo. App. W.D. 2014) (internal citations omitted).
Factual Background
Rocha does not contest that he was stopped and arrested, and does not contest that he refused to submit to a chemical test; Rocha's claims focus on the evidence supporting probable cause for his arrest.
On January 22, 2017, Missouri State Highway Patrol Trooper K. J. Cool observed Rocha traveling seventy-seven miles per hour in a seventy mile per hour zone. Cool ran a registration check on Rocha's vehicle, determined the registration was expired, and pulled the vehicle over. Upon Cool's request, Rocha exited the vehicle and took a seat in Cool's patrol car. Once in Cool's patrol car, Cool noticed a "strong odor of intoxicants emanating from Rocha's breath and his eyes were extremely bloodshot." Cool requested that Rocha spit out the gum he had in his mouth and asked Rocha how much alcohol he had to drink. Rocha stated, "Maybe like last night." The stop occurred at approximately 3:00 in the afternoon; Rocha admitted to drinking around midnight the night before. Cool requested Rocha participate in several field sobriety tests including a Preliminary Breath Test. Rocha refused. Cool advised Rocha that if he refused the tests, he would go to jail based on Cool's observations. Rocha answered that he would rather go to jail than submit to the tests. Trooper Cool placed Rocha under arrest.
Point I-Substantial Evidence
In his first point on appeal, Rocha contends that the circuit court's finding that there were reasonable grounds to believe Rocha was driving a motor vehicle in an intoxicated or drugged condition was not supported by substantial evidence. We agree.
"[P]robable cause will exist when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist." White , 321 S.W.3d at 309. "To prevail on the substantial-evidence *327 challenge, [Rocha] must demonstrate that there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a matter of law." Ivie v. Smith , 439 S.W.3d 189, 200 (Mo. banc 2014). Here, the evidence in the record must establish that Trooper Cool observed some indicia of intoxication upon coming into contact with Rocha.
After reviewing the record, we find no indicia of intoxication present at the time of Rocha's arrest to support a finding of probable cause for that arrest. Trooper Cool testified at trial that he was concerned that Rocha was intoxicated due to "the odor of intoxicants and then the bloodshot eyes and he admitted to drinking prior to the stop." He testified that "I believed that he was under the influence, too impaired to drive." However, he also testified that the only evidence of impairment was the smell of alcohol and Rocha's bloodshot eyes. Rocha told Trooper Cool that his bloodshot eyes were due to being tired. Although Rocha had admitted to drinking, his reported last drink was fifteen hours prior to the stop. Trooper Cool testified that he observed no other evidence of intoxication from Rocha's eyes; he observed no glassy eyes, staring eyes, constricted pupils, slow reaction to light, dilated pupils, or anything else that Cool was trained to look for as evidence of intoxication.
Trooper Cool also observed no gross motor movements that would suggest impairment. Rocha exhibited no signs of uncertain balance, swaying, staggering, stumbling, or falling. Trooper Cool followed Rocha for approximately two miles before pulling his vehicle over. During that time, Cool observed nothing about Rocha's driving that would indicate impairment. When Cool turned on his emergency lights, Rocha stopped almost immediately.
Cool also observed no verbal indicators of impairment such as slurred speech, confusion, incoherency, stuttering, or mumbling. Trooper Cool testified that nothing about Rocha's clothing or footwear indicated impairment, and Rocha exhibited no unusual behaviors. Another trooper requested that Rocha recite the alphabet and Rocha did so correctly.
Cool's testimony is consistent with his Alcohol Influence Report ("AIR"), which was admitted into evidence. In the AIR under the category of "Officer's Observations Made Prior To Arrest Or Custody" which instructs the officer to check all indicia of intoxication which may apply, the strong odor of alcoholic beverage and bloodshot eyes are the only two of the approximately thirty possible indicia of intoxication listed which Trooper Cool marked.
Even if we ignore the affirmative testimony of Trooper Cool which establishes a complete lack of any evidence of impairment of Rocha's motor skills, the record in this case remains devoid of any evidence establishing an indicia of impairment. The issue is not whether Rocha had consumed alcohol before he operated his vehicle, the "relevant inquiry is whether or not the arresting officer had reasonable grounds for believing that the arrested person was driving while in either an intoxicated or drugged condition." Hill v. Director of Revenue, 424 S.W.3d at 499 (internal citation omitted). Intoxication under Missouri's statute requires proof that the consumption of alcohol or drugs interferes or impairs the defendant's ability to properly operate an automobile. State v. Schroeder, 330 S.W.3d 468, 475 (Mo. banc 2011).
Given the record, we find the smell of intoxicants and Rocha's bloodshot eyes insufficient indicia of intoxication to support *328 probable cause for Rocha's arrest. Rocha's first point on appeal is granted.[3]
Conclusion
The circuit court's judgment finding probable cause for Rocha's arrest was not supported by substantial evidence. We reverse the circuit court's judgment and remand with directions to order the Director of Revenue to reinstate Rocha's driver's license.
All concur.

All statutory references are to the Revised Statutes of Missouri as supplemented through January 1, 2017.

The Director of Revenue filed no response to Rocha's appeal.

As Rocha's first point on appeal is dispositive, we need not address his second point.