

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| CHRISTOPHER SCHMITZ, | ) | No. ED112719 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2322-CC09220 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | Honorable Michael J. Colona |
| | ) | |
| Respondent. | ) | Filed: June 3, 2025 |

### Introduction

Appellant Christopher Schmitz appeals the trial court's judgment suspending Appellant's driver's license. Appellant argues the trial court erred in admitting the police report because it was not the arresting officer's report and therefore was inadmissible to prove the officer's probable cause to arrest Appellant for driving while intoxicated. Appellant also argues that, without the police report, insufficient evidence supported the trial court's finding of probable cause to arrest Appellant. We affirm the judgment of the trial court.

### Factual and Procedural Background

#### Facts

On March 19, 2023, St. Louis Metropolitan Police Officer Joshua Kamper pulled Appellant over after observing Appellant driving 86 miles per hour (26 miles per hour over the speed limit)

on Interstate 44 in the City of St. Louis. After pulling Appellant over, Officer Kamper approached Appellant's vehicle, saw open containers, and smelled alcohol. When Officer Kamper asked Appellant whether he had been drinking, Appellant answered he had had one drink at Ballpark Village.

Officer Kamper returned to his patrol car and called for assistance. Officers Tiffany Porter and David Bosler responded. Officer Kamper then asked Appellant a series of questions to further test his level of intoxication. He began by asking his education level, to which Appellant answered an "associate" and then a "bachelors." Officer Kamper then asked Appellant to recite from E to S in the alphabet, which Appellant accomplished. Officer Kamper also asked Appellant to count down from 37 to 23, which he could not do even after three attempts.

After Officers Porter and Bosler arrived, they discussed Officer Kamper's observations. Officer Bosler then asked Appellant to exit the car. After getting Appellant off the side of the road, Officer Bosler asked how many drinks Appellant had, and Appellant answered "two bloody marys." Officer Bosler then administered field sobriety tests. Appellant had difficulty following instructions and staying focused while Officer Bosler gave him the Horizontal Gaze Nystagmus test, although he was able to successfully recite a section of the alphabet and count backwards from 37 to 23.

Officer Bosler then informed Appellant he was under arrest and that he would be given a breathalyzer test at the police station. While Officer Bosler walked Appellant to the police car, he asked him again how he would rate his intoxication level. Appellant replied that he was at a "two" out of ten. Appellant then offered that he drank only "three bloody marys." Nearly all of the officers' interactions with Appellant were captured on Officer Porter's bodycam video.

At the station, Officer Kamper administered a breath test, which showed Appellant's alcohol concentration of .145%, well above the legal limit of .08%. Appellant was then notified that his license would be revoked and he received a citation for violating Section 577.010, which prohibits driving while intoxicated.[1]

### Procedural Background

Based on Appellant's arrest and citation for violating Section 577.010, the Missouri Department of Revenue suspended Appellant's driver's license. Appellant requested a hearing with the Department of Revenue to review his license suspension. The Department of Revenue held a hearing and issued findings of fact and conclusions of law upholding the revocation. Appellant then filed a petition for trial *de novo* in the circuit court.

At the trial *de novo*, the State offered Exhibit A, Officer Kamper's police report submitted to the Department of Revenue, which included the Department's certification under Section 302.312 by the custodian of records. Appellant objected to the admission of Exhibit A because it was authored by Officer Kamper, who was not the arresting officer pursuant to Section 302.505. Appellant offered Exhibit 1, Officer Porter's bodycam video of the stop and arrest, as evidence that Officer Bosler, not Officer Kamper, was the arresting officer. The court received Exhibit 1 and took the objection to Exhibit A, and the case, under submission.

The court issued a judgment finding that the arresting officer had probable cause to arrest Appellant for driving while intoxicated, and that Appellant had an alcohol concentration of .08% or more.

Appellant now appeals the trial court's judgment.

**Discussion**

---

[1] Unless otherwise indicated, all statutory references are to RSMo (2016) as amended.

Appellant raises two points on appeal. In his first point, Appellant argues the trial court erred in admitting the police report because the report was authored by Officer Bosler, who was not the arresting officer as required by Sections 302.505 and 302.510. In his second point, Appellant argues the trial court erred in finding probable cause for Appellant's arrest for driving while intoxicated because insufficient admissible evidence supported that finding.

<u>Point I</u>

First, Appellant argues the trial court abused its discretion in admitting the police report of Officer Bosler, who was not the arresting officer. Appellant maintains that, because Officer Bosler was not the arresting officer pursuant to Sections 302.505 and 302.510,[2] the police report could not be "lawfully deposited" to the Department of Revenue under Section 302.312,[3] and could not be admitted at the trial *de novo* as evidence of probable cause for Appellant's arrest.

We need not decide whether the police report was the report of the arresting officer pursuant to Sections 302.505 and 302.510, whether the report could be lawfully deposited with the Department of Revenue pursuant to Section 302.312, or whether the report was admissible at the trial *de novo*. Even if this Court were to find the report inadmissible, other admissible evidence

---

[2] For the Department of Revenue to suspend or revoke a person's license, Section 302.505 requires a determination "that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight . . . ." The Department's determination is made "on the basis of the report of a law enforcement officer required in section 302.510, and this determination shall be final unless a hearing is requested and held. If a hearing is held, the department shall review the matter and make a final determination on the basis of evidence received at the hearing." Section 302.505.2.
 Section 302.510 states, in pertinent part, that "a law enforcement officer who arrests any person for a violation of any state statute related to driving while intoxicated . . . shall forward to the department a certified report of all information relevant to the enforcement action . . . ."
[3] Section 302.312 mandates that "all papers, documents, and records lawfully deposited or filed" with the Department of Revenue and "properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state . . . ."

supported the trial court's finding of probable cause to arrest Appellant. As Appellant appears to acknowledge, the admissibility of the police report is inconsequential so long as substantial, admissible evidence supported the probable cause finding. Thus, we turn to Appellant's Point II, in which he argues insufficient evidence supported the probable cause finding.

Point II

Appellant argues the trial court erred in upholding the Department of Revenue's revocation of Appellant's license because, given the inadmissibility of the police report, insufficient admissible evidence supported the finding of probable cause to arrest Appellant. Appellant adds that the trial court's finding of probable cause was "against the weight of the evidence, was an abuse of discretion and/or was a misapplication of law."

*Standard of Review and Rule 84.04*

This Court will affirm the decision of a trial court in a court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *see also Ebert v. Ebert*, 627 S.W.3d 571, 579 (Mo. App. E.D. 2021).

While *Murphy* governs this Court's review of a court-tried case, "'each *Murphy* ground is proved differently from the others **and** is subject to different principles and procedures of appellate review.'" *Ebert*, 627 S.W.3d at 580 (quoting *Koeller v. Malibu Shores Condo. Ass'n, Inc.*, 602 S.W.3d 283, 287 (Mo. App. S.D. 2020)) (emphasis in original). For a point on appeal to comply with the requirements of Rule 84.04, it may raise only one *Murphy* ground. *Id.* at 580. "[A] single point that alleges the trial court erred under **more than one** of the *Murphy v. Carron* standards raises a multifarious point that violates Rule 84.04(d)(1) and preserves nothing for review." *Id.* (emphasis in original).

5

Here, Appellant purports to raise at least three *Murphy* grounds in a single point on appeal. Appellant's primary argument is that insufficient admissible evidence supported the trial court's finding of probable cause. Then, for good measure, Appellant adds that the trial court's decision "was against the weight of the evidence" or "was a misapplication of law," without further analysis.

Appellant's Point II is multifarious. *Id.* This Court nevertheless has discretion to review deficient points relied on "when the deficiencies do not impede review on the merits." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 508 (Mo. banc 2022). The point primarily and substantively challenges the substantial evidence to support the finding of probable cause, and we will review on that ground, to the exclusion of the others. *See Cedar Cnty. Comm'n v. Governor Michael Parson*, 661 S.W.3d 766, 772 (Mo. banc 2023) ("When the point is multifarious, such *ex gratia* review can be limited to one of the improperly combined points, often the first one.").

"When considering whether a judgment is supported by substantial evidence, appellate courts must view the evidence in the light most favorable to the trial court's judgment, defer to the trial court's credibility determinations, and accept as true the evidence and inferences favorable to the judgment while disregarding contrary evidence." *Lewis v. Lewis*, 671 S.W.3d 734, 739 (Mo. App. W.D. 2023) (quoting *Burke v. McHenry*, 585 S.W.3d 819, 824 (Mo. App. W.D. 2019)) (internal quotation marks omitted). "'In reviewing a court-tried case to determine whether the judgment is supported by sufficient evidence, we must act with caution and will reverse only upon a firm belief that the judgment is wrong.'" *Id.* (quoting *Burke*, 585 S.W.3d at 824). To succeed on a substantial-evidence challenge, Appellant "must show that there is no evidence in the record tending to prove a fact that is necessary to sustain the [trial] court's judgment as a matter of law." *Id.* (quoting *Burke*, 585 S.W.3d at 825) (alteration in original) (internal quotation marks omitted).

*Analysis*

The only evidence admitted at the trial *de novo* was Exhibit A, Officer Kamper's report of the arrest, and Exhibit 1, Officer Porter's bodycam video of Appellant's interaction with the officers and his arrest. Appellant's argument rests almost entirely on his contention that Officer Kamper's report was inadmissible. He largely overlooks the bodycam video as evidence of probable cause for Appellant's arrest.

"Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *White v. Dir. of Revenue*, 321 S.W.3d 298, 312 (Mo. banc 2011) (internal citations omitted). Probable cause is an objective test, and this Court must consider all the facts and circumstances known to the officer at the time. *Wilmoth v. Dir. of Revenue*, 669 S.W.3d 102, 110 (Mo. banc 2023). The appropriate "'level of probable cause will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist.'" *Id.* (quoting *White*, 321 S.W.3d at 309).

"Probable cause is determined by the collective knowledge and facts available to *all* officers and a police officer is entitled to rely on official information supplied by another officer in determining probable cause to arrest." *Grace v. Dir. of Revenue, State of Mo.*, 77 S.W.3d 29, 32 (Mo. App. E.D. 2002) (emphasis in original); *Beasley v. Dir. of Revenue*, 505 S.W.3d 326, 331 (Mo. App. S.D. 2016).

During the trial *de novo*, Appellant offered Exhibit 1, the bodycam video, into evidence. Appellant's stated reason was to prove that Officer Kamper was not the arresting officer. But Appellant did not seek to limit the admission of Exhibit 1 for any purpose, nor did the trial court receive the exhibit for a limited purpose. *See generally Sapp v. Morrison Bros. Co.*, 295 S.W.3d

470, 484 (Mo. App. W.D. 2009) (quoting *Dyer v. Globe-Democrat Publ'g Co.*, 378 S.W.2d 570, 581 (Mo. Div. 2 1964)) ("The giving of a limiting instruction depends on the making of 'a proper request,' . . . 'In the absence of a proper request therefor, the objector cannot successfully complain of the failure of the court to give a limiting instruction.'").

Accordingly, the trial court was free to consider the bodycam video for any evidentiary purpose, including as evidence of probable cause to support Appellant's arrest. *See State v. Hollowell*, 643 S.W.3d 329, 341 (Mo. banc 2022) ("It is a general evidentiary principle that, once evidence is admitted without objection, it can be used by any party for any purpose."); *see also State v. Keathley*, 707 S.W.3d 718, 725 (Mo. App. S.D. 2024) (an exhibit could be considered by the jury as substantive evidence of defendant's guilt where the defendant offered the exhibit without a limiting instruction).

Exhibit 1 commences with Officer Porter exiting her car and Officer Kamper telling her he observed Appellant's car going 86 miles per hour on the highway. After Officer Bosler arrived, Officer Kamper informed them that Appellant admitted he had just left Ballpark Village and claimed that he had "only one drink." Officer Kamper stated he had observed "a couple open containers" in Appellant's car and the car smelled of alcohol. Officer Kamper relayed that Appellant said he was a "three" out of ten on the intoxication scale and that Appellant could not count backwards.

After getting this information from Officer Kamper, Officer Bosler asked Appellant to exit his car and began to administer field sobriety tests. Appellant exited the car without one of his shoes. When Officer Bosler conducted the Horizontal Gaze Nystagmus test, he had to repeat his instructions to Appellant multiple times. Officer Bosler then placed Appellant in handcuffs. Appellant was able to recite a portion of the alphabet and count backwards.

Finally, as Officer Bosler led Appellant to the police car, Appellant admitted he had "three bloody marys" and rated his level of intoxication as "two" out of ten, contradicting what he had told Officers Kamper and Bosler earlier.

Collectively, the officers were aware that Appellant had been driving well above the speed limit, his car smelled of alcohol, he had open containers in the car, he admitted drinking alcohol, his answers regarding how drunk he was and how many drinks he had were inconsistent, he failed some field sobriety tests, and he was unable to focus on and follow instructions during the tests. *See Wilmoth*, 669 S.W.3d at 115 (odor of alcohol and admission of consuming alcohol were indicia of intoxication); *see also Mannino v. Dir. of* Revenue, 556 S.W.3d 667, 672 (Mo. App. E.D. 2018) (failing sobriety tests was indicative of intoxication); *Langley v. Dir. of Revenue*, 467 S.W.3d 870, 873 (Mo. App. W.D. 2015) (failure to follow instructions was indicative of intoxication); *Lord v. Dir. of Revenue, State*, 427 S.W.3d 253, 258 (Mo. App. E.D. 2014) (difficulty concentrating was indicative of intoxication).

Thus, the officers observed "unusual or illegal operation of a motor vehicle and . . . indicia of intoxication upon coming into contact with the motorist.'" *Wilmoth*, 669 S.W.3d at 110 (quoting *White*, 321 S.W.3d at 309). These observations amounted to probable cause for the officers to believe that Appellant was driving with an alcohol concentration exceeding the legal limit. *See* Section 302.505.1. Therefore, regardless of the admissibility of the police report, substantial admissible evidence supported the trial court's finding of probable cause for Appellant's arrest.

Point II is denied.

### Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Cristian M. Stevens, J.,

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.